MARY DI NISCIA, PLAINTIFF, v. JOHN LANDONIA, DEFENDANT.

Submitted March 22, 1923—Decided June 5, 1923.

**Breach of Promise—Motion to Set Aside Verdict—Effect of Another Case.**

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *William Hamilton Osborne.*

Contra, *William H. Lord.*

PER CURIAM.

This is a breach of promise suit.

The plaintiff had a verdict of $2,000 on this the second trial, and this is defendant's rule to show cause why that verdict should not be set aside. The first verdict was set aside by the Supreme Court, June term, 1922, and although the present verdict is a second verdict in favor of the plaintiff, we think this review is not affected by the second-verdict rule, because the second trial was upon a very different issue from that presented at the first trial.

The present suit was begun in 1921 by the plaintiff, a woman about thirty years of age. In her complaint she averred that in 1913 the defendant (a married man) prom-

ised to marry her, and later breached the promise; that in 1919 she commenced a suit in the Essex Circuit Court for damages for such breach of promise, and on October 26th, 1920, she accepted $1,200 from the defendant, discontinued that action and gave her general release to the defendant; that the next day (October 27th, 1920), defendant renewed his promise to marry her and that he has breached that promise; that defendant, at the time of the promise, represented himself to be a single man and that she did not know to the contrary.

The Supreme Court seems to have set aside the plaintiff's first verdict upon the ground, among others, that the evidence almost amount to a demonstration that at the time of the giving of the release, she knew that the defendant then had a wife living.

On this trial the judge held, and charged the jury, that it made no difference whether or not the release was fraudulently obtained, and that for the reason that she had failed to return the $1,200. The judge further held and charged the jury that the plaintiff could recover nothing for anything that transpired upon or prior to the 26th day of October, 1920, the day when the release was given, but recovery must depend upon the finding of a promise made by defendant on the 27th day of October, 1920, as alleged in the complaint.

Upon that question the plaintiff says that the promise was made and the defendant denies it, and the defendant's story is corroborated by proof that he was not at the place where plaintiff alleges the promise was made.

Of course it was also incumbent upon the plaintiff to show that she did not know at the time the alleged promise was made that the defendant was a married man.

Our conclusion is that the overwhelming weight of the testimony and the probabilities of the case are against the plaintiff, both upon the question of the making of the promise and upon the question of knowledge that the defendant was a married man.

The rule to show cause will be made absolute.